1 | IRELL & MANELLA LLP
John C. Hueston (164921) (jhueston@irell.com)
2 | Melissa R. McCormick (180384) (mmccormick@irell.com)
Cathy T. Moses (254791) (cmoses@irell.com)
3 | 840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
4 | Telephone: (949) 760-0991
Facsimile: (949) 760-5200
5
Attorneys for Defendant
6 | WILLIAM KOCH

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | SAN FRANCISCO DIVISION

11 | KIRBY MARTENSEN,                      ) Case No. C 12-05257 JSC
                                         )
12 |              Plaintiff,             ) **DEFENDANT WILLIAM KOCH'S**
                                         ) **NOTICE OF MOTIONS AND MOTIONS**
13 |                                     ) **(1) TO DISMISS COMPLAINT (A)**
                                         ) **UNDER FEDERAL RULE OF CIVIL**
14 |      v.                             ) **PROCEDURE 12(B)(2) FOR LACK OF**
                                         ) **PERSONAL JURISDICTION, (B) UNDER**
15 |                                     ) **RULE 12(B)(3) FOR IMPROPER VENUE,**
      WILLIAM KOCH and DOES 1-25, inclusive, ) **OR IN THE ALTERNATIVE TO**
16 |                                     ) **TRANSFER, AND (C) UNDER RULE**
                                         ) **12(B)(6) FOR FAILURE TO STATE A**
17 |              Defendant.             ) **CLAIM; AND (2) TO STRIKE PUNITIVE**
                                         ) **DAMAGES ALLEGATIONS UNDER**
18 |                                     ) **FEDERAL RULE OF CIVIL**
                                         ) **PROCEDURE 12(F); MEMORANDUM OF**
19 |                                     ) **POINTS AND AUTHORITIES IN**
                                         ) **SUPPORT THEREOF**
20 |                                     )
                                         ) [CIVIL LOCAL RULE 7-2]
21 |                                     )
                                         ) *[REQUEST FOR JUDICIAL NOTICE;*
22 |                                     ) *DECLARATIONS OF WILLIAM KOCH AND*
                                         ) *JAY B. SHAPIRO; [PROPOSED] ORDER*
23 |                                     ) *FILED CONCURRENTLY HEREWITH]*
                                         )
24 |                                     ) Date: February 28, 2013
                                         ) Time: 9:00 a.m. PST
25 | _____ ) Ctrm: Courtroom F, 15th Floor

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

## NOTICE OF MOTIONS AND MOTIONS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 28, 2013, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom F on the 15th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant William Koch ("Koch") will and hereby does move for an order as set forth in the paragraph below.

Koch hereby moves for an order (1) dismissing Plaintiff's Complaint (A) under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; (B) under Rule 12(b)(3) for improper venue, or in the alternative, to transfer the case under 28 U.S.C. § 1404(a) to the Southern District of Florida or to the District of Colorado; and (C) under Rule 12(b)(6) for failure to state a claim for relief; and (2) striking Plaintiffs' punitive damages allegations in Paragraph 23 of the Complaint and Paragraph 2 of the Prayer for Relief, under Federal Rule of Civil Procedure 12(f).

Koch's Motions are based on this Notice of Motions and Motions, the Memorandum of Points and Authorities filed herewith, the Declaration of William Koch filed herewith, the Declaration of Jay B. Shapiro and accompanying exhibits filed herewith, the Request for Judicial Notice and accompanying exhibits filed herewith, the pleadings on file in this action, and such argument and evidence as may be presented at the hearing on this Motion.

Dated:  January 16, 2013                    Respectfully submitted,

IRELL & MANELLA LLP


By:/s/ John C. Hueston
    John C. Hueston
    Attorneys for Defendant William Koch

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 1 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................ 2

II.  STATEMENT OF THE ISSUES TO BE DECIDED ...................................................... 3

III. FACTUAL BACKGROUND ............................................................................................. 3

IV.  ARGUMENT ...................................................................................................................... 5

    A.   The Complaint Should Be Dismissed For Lack of Personal Jurisdiction. ................................................................................................ 6

        1.   The Court Does Not Have General Jurisdiction Over Koch. .................... 6

        2.   The Court Does Not Have Specific Jurisdiction Over Koch. ................... 7

            a.   Martensen Cannot Show Purposeful Direction By Koch. ............................................................................................... 8

            b.   Martensen's Claims Do Not Arise Out Of Or Result From Forum-Related Activities By Koch. .................................. 10

            c.   The Exercise Of Personal Jurisdiction Over Koch Would Be Unreasonable ................................................................. 11

    B.   The Complaint Should Be Dismissed For Improper Venue Or, In The Alternative, Transferred To The Southern District of Florida Or To The District of Colorado. ................................................................. 13

        1.   Venue Is Not Proper In This District. .................................................... 14

        2.   In The Alternative, The Case Should Be Transferred To The Southern District Of Florida Or To The District Of Colorado. ........... 15

            a.   The Action Could Have Been Filed In The Southern District Of Florida Or In The District Of Colorado. .................. 15

            b.   The Section 1404 Transfer Factors Favor Transfer To The Southern District Of Florida Or To The District Of Colorado. ................................................................................ 16

    C.   The Complaint Should Be Dismissed For Failure To State A Claim. ................. 19

        1.   The Complaint Does Not State A Claim For False Imprisonment. ........................................................................................ 20

            a.   The Complaint Does Not Allege Koch Committed The Alleged Misconduct. ............................................................. 20

            b.   The Complaint Does Not Allege "Confinement." ........................ 21

        2.   The Complaint Does Not State A Claim For Civil Conspiracy ..................................................................................... 22

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- i -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1                                                                                                    **Page**

2

3              3.      The Complaint Does Not State A § 1983 Conspiracy Claim....................23

4         D.      The Court Should Strike Martensen's Punitive Damages Claim..........................24

5   V.      CONCLUSION ..............................................................................................................25

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>TABLE OF AUTHORITIES</u>**

2

**<u>Page(s)</u>**

3

4

<u>**Cases**</u>

5

*Alioto v. Hoiles*,
  No. 04-00438, 2010 WL 3777129 (D. Colo. Sept. 21, 2010) ........................................... 18

6

*Animal Legal Def. Fund v. U.S. Dep't of Agric.*,
7   No. 12-4407, 2013 WL 120185 (N.D. Cal. Jan. 8, 2013) ............................... 15, 16, 17, 18

8   *Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503 (1994)............................ 22

9   *Ashcroft v. Iqbal*,
     556 U.S. 662 (2009) ......................................................................................................... 19

10

*Bell Atl. Corp. v. Twombly*,
11   550 U.S. 544 (2007) ..................................................................................................... 19, 23

12   *Brahmana v. Lembo*,
      No. 09-00106, 2010 WL 965296 (N.D. Cal. Mar. 17, 2010).......................................... 21

13

*Burger King Corp. v. Rudzewicz*,
14   471 U.S. 462 (1985) ........................................................................................................... 8

15   *Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
      788 F.2d 535 (9th Cir. 1986)............................................................................................. 8

16

*Chemrisk, LLC v. Chappel*,
17   No. 10-05766, 2011 WL 1807436 (N.D. Cal. May 12, 2011) .................................... 10, 13

18   *Cisneros v. Instant Capital Funding Grp., Inc.*,
      263 F.R.D. 595 (E.D. Cal. 2009)..................................................................................... 25

19

*Coburn v. Bank of New York Mellon*,
20   No. 10-03080, 2011 WL 1103470 (E.D. Cal. Mar. 11, 2011) ......................................... 23

21   *Copantitla v. Fiskardo Estiatorio, Inc.*,
      788 F. Supp. 2d 253 (S.D.N.Y. 2011)............................................................................. 22

22

*Davis v. Powell*,
23   No. 10-1891, 2012 WL 4754688 (S.D. Cal. Oct. 4, 2012) ............................................. 24

24   *FDIC v. British-Am. Ins. Co.*,
      828 F.2d 1439 (9th Cir. 1987)......................................................................................... 11

25

*Fermino v. Fedco, Inc.*,
26   7 Cal. 4th 701 (1994)....................................................................................................... 21

27   *First Chicago Int'l v. United Exchange Co.*,
      836 F.2d 1375 (D.C. Cir. 1988) ........................................................................................ 8

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- iii -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

**Page(s)**

*Forsythe v. Holder*,
    No. 08-5160, 2010 WL 329964 (N.D. Cal. Jan. 20, 2010) ...................................................7

*Franklin v. Fox*,
    312 F.3d 423 (9th Cir. 2002).................................................................................................24

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
    218 F.3d 1247 (11th Cir. 2000)..............................................................................................6

*Galliani v. Citimortgage, Inc.*,
    No. 12-00411, 2013 WL 101411 (E.D. Cal. Jan. 7, 2013)..................................................17

*Goodyear Dunlop Tires Op. S.A. v. Brown*,
    131 S.Ct. 2846 (2011) ............................................................................................................7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ...............................................................................................................7

*Herrera v. Command Security Corp.*,
    Nos. 12-4032, 12-1079, 2012 WL 6652416 (N.D. Cal. Dec. 20, 2012) .....................17, 18

*Hope v. Otis Elevator Co.*,
    389 F. Supp. 2d 1235 (E.D. Cal. 2005) ...............................................................................12

*In re Gilead Sciences*,
    536 F.3d 1049 (9th Cir. 2008)..............................................................................................19

*Int'l Shoe Co. v. Wash.*,
    326 U.S. 310 (1945) ...............................................................................................................6

*KB Home v. St. Paul Mercury Ins. Co.*,
    621 F. Supp. 2d 1271 (S.D. Fla. 2008).................................................................................18

*Kelley v. Corrections Corp. of Am.*,
    750 F. Supp. 2d 1132 (E.D. Cal. 2010) ...............................................................................25

*King v. Burris*,
    588 F. Supp. 1152 (D. Colo. 1984) ......................................................................................18

*Lee v. Corr. Corp. of Am.*,
    525 F. Supp. 2d 1238 (D. Haw. 2007) ...........................................................................14, 22

*Lipton v. Pathogenesis Corp.*,
    284 F.3d 1027 (9th Cir. 2002)..............................................................................................25

*Lopez v. GMAC Mortgage Corp.*,
    No. 07-3911,2007 WL 3232448 (N.D. Cal. Nov. 1, 2007).................................................21

*Malibu Media, LLC v. Does 1-35*,
    No. 12-1135, 2012 WL 2502710 (S.D. Cal. Jun. 28, 2012).................................................10

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- iv -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

**Page(s)**

*Maplebrook Townhomes LLC v. Greenbank*,
    No. 10-03688, 2010 WL 4704472 (N.D. Cal. Nov. 12, 2010).........................................25

*McFarland v. Memorex Corp.*,
    493 F. Supp. 657 (N.D. Cal. 1980) ..................................................................................15

*Mitan v. Feeney*,
    497 F. Supp. 2d 1113 (C.D. Cal. 2002).............................................................................12

*Pac. Coast Fed'n of Fishermen's Assocs.*,
    No. 12-2158, 2012 WL 3236163 (N.D. Cal. Aug. 6, 2012).......................................15, 16

*Pacific Atl. Trading Co. v. M/V Main Express*,
    758 F.2d 1325 (9th Cir. 1985)....................................................................................12, 13

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998)....................................................................................12, 13

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006)..........................................................................6, 8, 9, 10

*PQ Labs, Inc. v. Qi*,
    No. 12-0450, 2012 WL 2061527 (N.D. Cal. Jun. 7, 2012)................................................23

*Reiffin v. Microsoft Corp.*,
    No. 11-03505, 2012 WL 1309179 (N.D. Cal. Apr. 16, 2012) .....................................7, 11

*Santos v. Guard Mgmt., Inc.*,
    No. 10-2563, 2010 WL 5387832 (S.D. Cal. Dec. 22, 2010)............................................23

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004)..............................................................................6, 7, 8, 9

*SEC v. Wencke*,
    783 F.2d 829 (9th Cir. 1986)...............................................................................................6

*Sierra Club v. U.S. Dep't of State*,
    No. 09-04086, 2009 WL 3112102 (N.D. Cal. Sept. 23, 2009) .........................................18

*Snyder v. Evangelical Orthodox Church*,
    216 Cal. App. 3d 297 (1989)......................................................................................20, 21

*Souders v. Lucero*,
    196 F.3d 1040 (9th Cir. 1999).........................................................................................23

*Sutton v. Providence St. Joseph Med. Ctr.*,
    192 F.3d 826 (9th Cir. 1999).............................................................................................23

*Terracom v. Valley Nat'l Bank*,
    49 F.3d 555 (9th Cir. 1995)..........................................................................10, 11, 12

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

**Page(s)**

*Tisdale v. Nadramia*,
    No. 3:11-647, 2012 WL 693525 (D.S.C. Mar. 5, 2012) ...................................................... 9

*Tucker v. Turkey Creek Ltd. Liab.*,
    No.05-22043, 2006 WL 888145 (S.D. Fla. Jan. 31, 2006) ................................................ 18

*W.L. Gore & Assocs., Inc. v. AGA Med. Corp.*,
    No. 11-539, 2012 WL 924978 (D. Del. Mar. 19, 2012) .................................................... 17

*White v. Smyers*,
    No. 12-2868, 2012 WL 6518064 (E.D. Cal. Dec. 13, 2012) ........................................... 24

*Whitlock v. Street*,
    No. 12-95, 2012 WL 3686434 (E.D. Va. Aug. 24, 2012)................................................. 20

**Statutes**

28 U.S.C. § 1391 ........................................................................................................... 14, 15, 16

28 U.S.C. § 1404 .................................................................................................................. passim

28 U.S.C. § 1406 ............................................................................................................................ 14

42 U.S.C. § 1983 .................................................................................................................. passim

Cal. Civ. Proc. Code § 410.10 ..................................................................................................... 6

**Other Authorities**

Hon. W. Schwarzer et al., *Fed. Civ. Proc. Before Trial*, ¶ 4:581 ................................................. 15

**Rules**

Fed. R. Civ. P.12 .................................................................................................................. passim

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.      INTRODUCTION**

3        Plaintiff Kirby Martensen was an executive at Oxbow Carbon & Minerals, Inc. and certain

4    affiliated entities, until he was terminated in March 2012, after his employers discovered that he

5    had participated in a wide-ranging scheme to defraud the Oxbow companies.  Three Oxbow

6    companies sued Martensen and two other Oxbow executives in Florida state court ten months ago,

7    alleging, among other things, breach of fiduciary and other duties, conversion, usurpation of

8    corporate opportunity, and unjust enrichment.

9        Angered and likely embarrassed that his extensive wrongdoing has been exposed,

10   Martensen has retaliated by filing in this Court the instant threadbare, legally insufficient

11   Complaint against William Koch, whom Martensen alleges owns or controls the Oxbow entities.

12   The crux of Martensen's Complaint is that he was "falsely imprisoned" by agents of Koch in

13   March 2012, when he was invited to stay at Koch's ranch in Colorado.  Martensen's Complaint

14   should be dismissed for three independent reasons or, in the alternative, transferred to the Southern

15   District of Florida or to the District of Colorado.

16       *First*, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2)

17   because this Court lacks personal jurisdiction over Koch, who is a resident of Florida.  The

18   Complaint does not allege that Koch entered California in connection with Martensen's alleged

19   detention in Colorado or had any contacts whatsoever with the California forum.

20       *Second*, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3)

21   because it was filed in an improper venue.  All of the events giving rise to Martensen's claims

22   occurred outside of this district.  In the alternative, the case should be transferred under 28 U.S.C.

23   § 1404(a) to the Southern District of Florida or to the District of Colorado.

24       *Third*, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6)

25   because it does not state claims for relief.  Martensen's false imprisonment claim does not allege

26   that Koch (the only named defendant) committed any wrongdoing, nor does it allege that

27   Martensen was confined, which is a necessary element of the tort.  Martensen's conclusory claims

28   alleging a civil conspiracy and a 42 U.S.C. § 1983 conspiracy fail because they are not supported

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 2 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1  by the requisite factual allegations of an agreement to falsely imprison Martensen or violate his

2  constitutional rights, and the Complaint does not properly allege a tort underlying the civil

3  conspiracy claim.

4       In addition, Martensen's unsubstantiated punitive damages allegations should be stricken

5  under Federal Rule of Civil Procedure 12(f) because Martensen does not allege any facts that

6  would justify his entitlement to such damages.

7  **II.    STATEMENT OF THE ISSUES TO BE DECIDED**

8       1.      Should the Complaint be dismissed under Federal Rule of Civil Procedure 12(b)(2)

9  for lack of personal jurisdiction over Koch, a resident of Florida?

10      2.      Should the Complaint be dismissed under Federal Rule of Civil Procedure 12(b)(3)

11 for improper venue because none of the events giving rise to the claims occurred in this district?

12      3.      In the alternative, should the case be transferred under 28 U.S.C. § 1404(a) to the

13 Southern District of Florida or to the District of Colorado?

14      4.      Should the Complaint be dismissed under Federal Rule of Civil Procedure 12(b)(6)

15 because it does not state any claims for relief, as (i) Martensen's false imprisonment claim does

16 not allege that Koch committed any wrongdoing nor does it allege that Martensen was confined,

17 (ii) Martensen's civil conspiracy claim does not allege an agreement to commit an underlying tort

18 nor does it sufficiently allege any such tort; and (iii) Martensen's 42 U.S.C. § 1983 conspiracy

19 claim does not allege an agreement to violate Martensen's constitutional rights?

20      5.      Should Martensen's punitive damages allegations be stricken under Federal Rule of

21 Civil Procedure 12(f) because he does not allege facts to justify his entitlement to such damages?

22 **III.   FACTUAL BACKGROUND**[1]

23      Until March 2012, Martensen was an executive with the Oxbow companies, which he

24 alleges are "owned and/or controlled by William Koch[.]"  (Dkt. 1; Compl., ¶ 7.)  Martensen

25 admits that Koch is a resident of Florida.  (*Id.* ¶ 4.)  In 2011, Koch was notified by an anonymous

26 letter that Martensen and another Oxbow executive had been "engaging in theft, breaches of

27

28       [1] As required by Rule 12(b)(6), Koch generally accepts as true, solely for purposes of these
motions, properly pleaded factual allegations.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482                              - 3 -                    Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1  fiduciary duty, fraud, and self-dealing against the Oxbow companies." (*Id.* ¶ 11.)

2        In early 2012, Martensen and other Oxbow executives were invited to attend a meeting at a

3  ranch Koch owns near Aspen, Colorado, named "Bear Ranch." (*Id.* ¶ 13.)  On March 21, 2012,

4  Martensen flew from San Francisco to Aspen; Koch met him at the Aspen airport. (*Id.* ¶ 14.)

5  They had lunch with others and afterwards drove to Bear Ranch, where they had dinner. (*Id.*)  The

6  next day, March 22, 2012, Martensen and others had breakfast at the ranch and attended a business

7  meeting. (*Id.* ¶ 16.)  Koch then invited them to tour a "Western town" on the property, followed

8  by a helicopter tour and a lunch hosted by Koch in a town meeting room. (*Id.*)  After lunch,

9  Martensen alleges that he was "escorted to a small room and interviewed by two agents of Koch."

10  (*Id.* ¶ 17.)  Martensen claims that during this interview, which allegedly lasted "several hours," he

11  was "accused of participating in a wide-ranging scheme to defraud Oxbow and Koch of millions

12  of dollars, accepting bribes from competitors and 'diverting freight to a known competitor.'" (*Id.*)

13  Martensen does not allege that Koch was present at this interview, or participated in, directed, or

14  even knew about it. (*See* Compl.)  Martensen also does not allege that Martensen denied or

15  disputed the allegations about his wrongdoing. (*See id.*)

16        Martensen alleges that, following the interview, he was taken to an SUV and driven from

17  the town to the ranch. (*Id.* ¶ 18.)  He alleges that during the ride, he was served with termination

18  papers and a lawsuit. (*Id.*)  Martensen claims that he asked where he was being taken, and that he

19  was told he was going to Aspen. (*Id.*)  After arriving back at the ranch and packing his belongings

20  for his return trip, he was driven to a nearby cabin on the ranch, where he stayed for approximately

21  three hours until he was taken to an airport in Denver. (*Id.* ¶¶ 19-20.)  Martensen does not allege

22  that Koch was present during any of these events, or otherwise knew of, directed, or participated

23  in them. (*See* Compl.)  Rather, the individuals who allegedly "detained" Martensen were "two

24  agents of Koch" (*id.* ¶ 17), "a driver" (*id.* ¶¶ 18-20), an unidentified "agent of William Koch" (*id.*

25  ¶ 19), "two agents of William Koch (driver and escort)" (*id.* ¶ 20), and "a pilot, co-pilot, and

26  escort."[2] (*Id.* ¶ 21.)  Martensen also does not allege that any of these events took place in or had

27  ────────────────

28  [2] Martensen does not identify any of these alleged perpetrators in the Complaint.  As a
result, it is unknown whether the "agents of William Koch" referred to in paragraphs 17 and 20 are
the same individuals referred to elsewhere in the Complaint.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482                                                        - 4 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1   any connection to California.  (*See* Compl.)

2   Martensen was then flown from Denver to Oakland, California (he resides in Berkeley),

3   arriving early the next morning.  (*Id.* ¶¶ 3, 20.)  Upon arriving in Oakland, he refused proffered

4   transportation to a hotel and instead called his own cab.  (*Id.* ¶ 21.)

5   In March 2012, three Oxbow companies filed suit in Florida state court against Martensen

6   and two other Oxbow executives seeking redress for the wide-ranging fraudulent scheme

7   Martensen describes in his Complaint.  (Compl., ¶ 17; Declaration of Jay B. Shapiro ("Shapiro

8   Decl."), Ex. A (Florida Compl.)).  Martensen has made his false imprisonment allegations a key

9   issue in the Florida action, where, as part of an unclean hands defense, he has asserted the same

10  false imprisonment allegations he alleges here.   (Shapiro Decl. ¶ 3, Ex. B.)  Martensen has hired

11  Florida-based counsel to represent him in that lawsuit.  (*Id.* ¶ 4.)  The parties in the Florida case

12  have engaged in motion practice and discovery (including depositions) on the same issues that

13  would be addressed in this case regarding false imprisonment.  (*Id.* ¶ 5.)  The Florida court has

14  held that it may exercise jurisdiction over Martensen based on his corporate misconduct.  (*Id.* ¶ 6.)

15  **IV.    <u>ARGUMENT</u>**

16  Martensen's Complaint should be dismissed for three independent reasons.  In the

17  alternative, the case should be transferred to the Southern District of Florida or to the District of

18  Colorado.

19  *First*, the Complaint should be dismissed for lack of personal jurisdiction under

20  Rule 12(b)(2) because Koch, a Florida resident, is not subject to general or specific jurisdiction in

21  this forum.  *Second*, the Complaint should be dismissed for improper venue under Rule 12(b)(3)

22  because none of the alleged wrongdoing occurred in this district.  In the alternative, the case

23  should be transferred to the Southern District of Florida or to the District of Colorado under

24  28 U.S.C. § 1404(a) because Martensen is already litigating the issues raised in his Complaint in

25  Florida state court, the alleged conduct purportedly occurred in Colorado, many of the alleged

26  witnesses reside in Colorado or Florida, and California has nothing to do with this action other

27  than being Martensen's home state.  *Third*, the Complaint should be dismissed under

28  Rule 12(b)(6) because the alleged claims do not state cognizable causes of action.  The punitive

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 5 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1   damages allegations should be stricken under Rule 12(f) because Martensen does not allege facts

2   that would justify his entitlement to such damages.

3       **A.      The Complaint Should Be Dismissed For Lack of Personal Jurisdiction.**[3]

4           Martensen cannot carry his burden of establishing that this Court has personal jurisdiction

5   over Koch.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)

6   ("[P]laintiff bears the burden of demonstrating that jurisdiction is appropriate.").  Martensen must

7   make a *prima facie* showing of jurisdictional facts in order to withstand a Rule 12(b)(2) motion.

8   *Id.; see Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (noting that plaintiff

9   must make "prima facie showing of jurisdictional facts to withstand the motion to dismiss.");

10  *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)

11  ("Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish

12  the basis for exercise of such jurisdiction.").

13          Where, as here, no applicable federal statute governs personal jurisdiction, the Court

14  applies the law of the forum.  *Schwarzenegger*, 374 F.3d at 801.  California's long-arm statute

15  permits the exercise of personal jurisdiction on any basis not inconsistent with constitutional

16  principles.  Cal. Civ. Proc. Code § 410.10.  Due process requires that a defendant have certain

17  minimum contacts with the forum so that maintenance of the suit would not offend traditional

18  notions of fair play and substantial justice.  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

19          Martensen cannot establish that Koch – a Florida resident, as the Complaint admits

20  (Compl., ¶ 4) – can be haled into a California court based on conduct that allegedly occurred (at

21  the hands of unnamed individuals) outside of California.

22      **1.      The Court Does Not Have General Jurisdiction Over Koch.**

23          A court may exercise general jurisdiction over a nonresident only where the defendant has

24  contacts so extensive with a state that it is reasonable to exercise jurisdiction over that defendant

25

26          **3** It is no longer necessary for federal court litigants who are challenging personal
     jurisdiction or venue to make "special appearances" to do so.  *See, e.g.*, *SEC v. Wencke*, 783 F.2d
27  829, 832 n.3 (9th Cir. 1986) ("We cannot understand why [] counsel made a 'special appearance'
     to raise his client's jurisdictional and procedural objections before both the magistrate/special
28  master and the district court. . . .  Federal Rule of Civil Procedure 12 abolished the distinction
     between general and special appearances when the Federal Rules were adopted in 1938.").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482                                    - 6 -                     Defendant William Koch's Motion to Dismiss
                                                                     (Case No. C 12-05257 JSC)

1    even if a claim is not related to those contacts.  *See Helicopteros Nacionales de Colombia, S.A. v.*

2    *Hall*, 466 U.S. 408, 415-19 (1984) (declining to find that general jurisdiction could be exercised

3    over nonresident even where defendant traveled to and had contacts with forum).  The standard for

4    establishing general jurisdiction over a nonresident defendant is "exacting," and requires that the

5    defendant engage in "continuous and systematic general business contacts" that "***approximate***

6    ***physical presence in the forum state***."  *Schwarzenegger*, 374 F.3d at 801 (emphasis added).  The

7    Supreme Court has recognized that "[f]or an individual, the paradigm forum for the exercise of

8    personal jurisdiction is the individual's domicile."  *Goodyear Dunlop Tires Op. S.A. v. Brown,* 131

9    S.Ct. 2846, 2853 (2011).  Courts have declined to exercise general jurisdiction over nonresident

10   defendants even where they have owned vacation homes in or made occasional trips to the forum.

11   *See, e.g., Reiffin v. Microsoft Corp.*, No. 11-03505, 2012 WL 1309179, at *3-4 (N.D. Cal. Apr. 16,

12   2012) (finding no general jurisdiction over Bill Gates and Steve Ballmer in California even though

13   Gates owns Palm Springs home and Ballmer attended several conferences in California over many

14   years); *Forsythe v. Holder*, No. 08-5160, 2010 WL 329964, at *2 (N.D. Cal. Jan. 20, 2010)

15   (declining to exercise general jurisdiction where defendant sought business from California

16   patients and owned vacation home in California, but was infrequently there).

17         Martensen does not plead that Koch has *any* contacts with California, much less the

18   continuous and systematic contacts required to justify an exercise of general jurisdiction.

19   Martensen alleges only that "Koch is a resident of the [*sic*] Florida."  (Compl., ¶ 4.)  Moreover, as

20   Koch testifies in a declaration filed herewith, he does not own property in California and does not

21   regularly travel to California.  (Declaration of William Koch ¶¶ 2-3.)  Based on these facts and on

22   Martensen's admission that Koch resides in Florida, general jurisdiction does not lie over Koch.

23         **2.      The Court Does Not Have Specific Jurisdiction Over Koch.**

24         For a court to exercise specific jurisdiction over a nonresident, a plaintiff must show that

25   (1) the defendant did some act or consummated some transaction within the forum or "perform[ed]

26   some act by which he purposefully avail[ed] himself of the privilege of conducting activities in the

27   forum;" (2) the claim arises out of or results from the defendant's forum-related activities; and

28   (3) the exercise of personal jurisdiction is reasonable.  *Schwarzenegger*, 374 F.3d at 802.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482                                              - 7 -                    Defendant William Koch's Motion to Dismiss
                                                                                      (Case No. C 12-05257 JSC)

1   Martensen has not established – and cannot establish – any of these requirements.

2   Furthermore, even taking the Complaint's allegations as true, California has nothing to do with

3   this case.  The substantive portion of the Complaint mentions California only twice:  (i) Martensen

4   resides in California (Compl., ¶ 3); and (ii) a private plane flew Martensen from Denver, Colorado

5   to Oakland, California, after his alleged captivity in Colorado.  (*Id.* ¶ 21.)  By Martensen's

6   admission, all of the alleged conduct on which he bases his claims occurred in Colorado.  (*Id.*

7   ¶¶ 13-21.)  The Complaint does not allege that Koch was in California at any time.**4**

8          a.    <u>Martensen Cannot Show Purposeful Direction By Koch.</u>

9   Purposeful direction, the first requirement of the specific jurisdiction test, requires the

10  application of the "effects test," which analyzes whether the defendant purposefully directed its

11  activities at the forum.  *Schwarzenegger,* 374 F.3d at 803.  Under this test, a plaintiff establishes

12  purposeful direction if (1) the defendant committed an intentional act, (2) expressly aimed at the

13  forum, (3) causing harm that the defendant knows is likely to be suffered in the forum.  *See id.*

14  (holding that all three factors of effects test must be met to establish purposeful direction).**5**

15

16      **4** Should Martensen contend that the pilot, co-pilot and/or escort who accompanied
Martensen to California (*see* Compl. ¶ 21) were Koch's agents and that their (minimal) California

17  contacts should be attributed to Koch, that conclusory allegation does not establish personal
jurisdiction over Koch.  *See, e.g., Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535,

18  540 (9th Cir. 1986) (nonspecific conclusory allegations that defendants had agent in district did
not establish personal jurisdiction); *see also First Chicago Int'l v. United Exchange Co.*, 836 F.2d

19  1375, 1378-79 (D.C. Cir. 1988) ("It is settled a plaintiff must allege ***specific acts connecting the
defendant with the forum***, and that the bare allegation of conspiracy or agency is insufficient to

20  establish personal jurisdiction.") (emphasis added).

21      **5** The Ninth Circuit has recognized that the purposeful availment requirement encompasses
the concepts of purposeful direction and purposeful availment and that purposeful direction

22  generally applies in actions sounding in tort and purposeful availment in contract
cases.  *Schwarzenegger*, 374 F.3d at 802.  The distinction exists because, while the Supreme Court

23  has held that contracting with a resident of a forum is not sufficient to confer specific jurisdiction
over a nonresident, jurisdiction may attach if the nonresident engages in conduct that is aimed at

24  and has effect in the forum.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-78 (1985)
(holding that jurisdiction may not attach merely because nonresident has entered into contract with

25  forum resident, as jurisdiction is proper only where defendant's contacts "proximately result from
actions by the defendant *himself* that create a 'substantial connection' with the forum State.")

26  (emphasis in original).  Thus, evidence of purposeful availment typically involves action taking
place in the forum that invokes the benefits and protections of the laws of the forum, such as

27  executing or performing a contract, whereas evidence of purposeful direction generally consists of
action taking place outside the forum directed at the forum.  *Pebble Beach*, 453 F.3d at

28  1156.  Here, the purposeful direction test applies because Martensen's claims are tort claims based
on allegations of conduct that occurred outside the forum.  *Schwarzenegger*, 374 F.3d at 803.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 8 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

Martensen cannot establish any of these required factors.  First, as discussed in Section IV.C.1.a. *infra*, the Complaint does not allege that *Koch* committed any of the intentional acts on which the claims are based.  Rather, the wrongful "intentional act" (*i.e.*, allegedly falsely imprisoning Martensen) was purportedly done by unnamed "agents of Koch," not Koch himself.  Martensen does not allege the commission of any wrongful "intentional acts" by Koch.

Second, Martensen has not alleged that Koch committed any act that was expressly aimed at the forum.  The "determinative question" in the express aiming analysis is "whether [the defendant's] conduct was ***expressly aimed at California***[.]"  *Pebble Beach Co.*, 453 F.3d at 1156 (emphasis added).  Specific jurisdiction cannot lie where a nonresident defendant's express aim is local, and not at the forum, even if harm is eventually felt in the forum.  *See Schwarzenegger*, 374 F.3d at 807 ("It may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California, and Fred Martin may have known that Schwarzenegger lived in California.  But this does not confer jurisdiction, for Fred Martin's express aim was local.").  The express aiming analysis depends "to a significant degree, on the specific type of tort or other wrongful conduct at issue." *Id.*  The wrongful conduct alleged in the Complaint purportedly occurred in a specific location (*i.e.*, Colorado), where Martensen was allegedly detained in a small room, cabin, or car, over a finite period of time (*i.e.*, the afternoon and evening of March 22, 2012).  By the time Martensen arrived in Oakland, his alleged captivity was over – as evidenced by his admission that as soon as he arrived in Oakland, he simply walked away from the private plane that had transported him there, refused proffered transportation to a hotel, and took his own cab to his desired destination.  (Compl., ¶ 21.)  The Complaint also does not allege that Koch directed any purported agents to take Martensen to California; rather, as the Complaint admits, Martensen was simply flown back to his desired destination, *i.e.*, Northern California.  Accordingly, Koch's purported "express aim" was not at California; it was local, *i.e.*, while Martensen was allegedly being detained in Colorado.  *Schwarzenegger*, 374 F.3d at 807; *see Tisdale v. Nadramia*, No. 11-647, 2012 WL 693525 (D.S.C. Mar. 5, 2012) (granting Rule 12(b)(2) motion in false imprisonment case because "[n]o [d]efendant entered South Carolina," and defendants' only contact with forum was obtaining the services of a local police department to

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 9 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

execute a warrant; defendants' contacts with forum thus were "incidental" to alleged wrongdoing).

Even if Martensen alleged that he eventually suffered harm in California – which he does not

allege – "express aiming" would not be established.  *See Pebble Beach*, 453 F.3d at 1158

(explaining, in *Schwarzenegger*, 374 F.3d 797, "without 'something more' than possible effect [in

the forum], there was simply no individualized targeting of California, or the type of wrongful

conduct, that could be construed as being directed against the forum state"); Koch Decl. ¶ 4.

Martensen also has not alleged facts sufficient to establish the third required element of the

effects test.  *See Pebble Beach*, 453 F.3d at 1156-58 (noting that foreseeable effects prong of

effects test is to be considered separately from express aiming analysis).  Martensen does not

allege, as he must, that Koch knew that the purported wrongdoing would cause harm likely to be

suffered in California.  *See Malibu Media, LLC v. Does 1-35*, No. 12-1135, 2012 WL 2502710, at

*7 (S.D. Cal. Jun. 28, 2012) (plaintiff did not make prima facie showing of jurisdictional facts to

satisfy third element of effects test where plaintiff made no showing that defendants "knew that

their actions alleged to have taken place in [another forum] would cause [harm] likely to be

suffered in the Southern District of California"); *see* Koch Decl. ¶ 6 (stating that Koch does not

know where Martensen resides and does not know whether Martensen resides in California).

> b.   Martensen's Claims Do Not Arise Out Of Or Result From Forum-Related
>       Activities By Koch.

Even if Martensen could satisfy the first requirement of the specific jurisdiction test (*i.e.*,

"purposeful direction"), he has not established – and cannot establish – the second requirement for

exercise of specific jurisdiction, *i.e.*, that the controversy arises out of or is related to the

defendant's contacts with the forum.  The Ninth Circuit has adopted a "but for" test for

determining whether a claim arises out of a defendant's forum related activities.  The "arising out

of" requirement is met if, but for the contacts between the defendant and the forum, the cause of

action would not have arisen.  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

Here, the Complaint does not allege that Koch had ***any*** contacts with California, much less

contacts with California that relate in any way to the conduct alleged in the Complaint.  *See*

*Chemrisk, LLC v. Chappel,* No. 10-05766, 2011 WL 1807436, at *7 (N.D. Cal. May 12, 2011)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 10 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1   (Plaintiff "made no showing that Defendants had any contact with the forum, or that such contact

2   gave rise to its claims," and its "failure to make such a showing, standing alone, independently

3   warrants dismissal of this action."); *Reiffin*, 2012 WL 1309179, at *4 (finding that plaintiff did not

4   satisfy second requirement of specific jurisdiction test where alleged conduct of Bill Gates and

5   Steve Ballmer was "in no way tied to" California); *see also* Koch Decl. ¶ 4.  Because Martensen

6   does not allege that Koch had any contact with California, or that the alleged conduct was tied to

7   California, Martensen has not met the second requirement of the specific jurisdiction test.

8            c.   The Exercise Of Personal Jurisdiction Over Koch Would Be Unreasonable.

9            In light of Koch's lack of contact with California, and the fact that none of Martensen's

10  claims arises out of or relates to events that allegedly occurred in California, it would be

11  unreasonable to hale Koch into a California court.  *FDIC v. British-Am. Ins. Co.*, 828 F.2d 1439,

12  1444 (9th Cir. 1987) (where "defendant has done little to reach out to the forum state, the burden

13  of defending itself in a foreign forum militates against exercising jurisdiction").  In assessing the

14  reasonableness of exercising jurisdiction over a nonresident, the Ninth Circuit considers:  (1) the

15  extent of purposeful interjection into the forum's affairs; (2) the burden on the defendant; (3) the

16  extent of conflict with the sovereignty of the defendant's home state; (4) the forum's interest in

17  adjudicating the dispute; (5) the most efficient judicial resolution; (6) the plaintiff's interest in

18  convenient and effective relief; and (7) the existence of an alternative forum.  *Id.* at 1442-45.

19  Even if Martensen could meet the first two requirements of the specific jurisdiction test (he

20  cannot), these factors show that exercising jurisdiction over Koch would be unreasonable.

21          (1) *Koch Has Not Purposefully Interjected Himself Into California's Affairs*:  Where a

22  plaintiff does not successfully allege purposeful direction – the first requirement of the Ninth

23  Circuit's specific jurisdiction test – the purposeful interjection factor weighs heavily in favor of

24  the defendant.  *See Terracom*, 49 F.3d at 561 ("[Plaintiff] could not prove the first prong of

25  purposeful availment, thus, the first factor of purposeful interjection weighs heavily in

26  [defendant's] favor.")  As discussed, the Complaint does not allege that Koch purposefully

27  directed any activities at California, as all of the alleged conduct on which Martensen premises his

28  claims occurred in Colorado, while Martensen was physically present in Colorado.  (Compl.,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 11 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

¶¶ 14-21.)  The Complaint also does not allege that Koch had any other contacts with California.  (*See* Compl.)  Thus, this factor strongly weighs against the exercise of jurisdiction over Koch.

(2)  *The Burden On Koch Of Litigating In California Is High*:  Koch faces a burden in litigating this case in California because he resides in Florida.  (Compl., ¶ 4; Koch Decl. ¶¶ 2, 5.)  Even if Martensen claims to bear some burden if this litigation occurs outside of California, the Ninth Circuit has held that where burdens appear equal, "the second factor tips in favor of [the defendant] because the law of personal jurisdiction is asymmetrical and is primarily concerned with the defendant's burden."  *Terracom*, 49 F.3d at 561.  Moreover, any burden alleged by Martensen would be minimal because Martensen has been litigating his false imprisonment allegations in the Florida state court lawsuit and has Florida counsel representing him in that case.  (Shapiro Decl. ¶¶ 3-5.)  This factor also weighs against the exercise of jurisdiction over Koch.

(3)  *Conflict Of Sovereignty With Koch's Home State Of Florida*:  This factor concerns the extent to which "the district court's exercise of jurisdiction in California would conflict with the sovereignty of [defendant's] state of domicile."  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).  Because Koch resides in Florida, and the alleged conduct occurred in Colorado, California has little or no interest in resolving this dispute.  *See Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1122 (C.D. Cal. 2002) (where parties already litigated their disputes in Arkansas and alleged acts took place there, this factor weighed against jurisdiction because "Arkansas has already invested time and resources adjudicating issues in this case").  Florida and Colorado have greater interests in this case, and a Florida court is addressing Martensen's false imprisonment claims.  (Shapiro Decl. ¶¶ 3-5.)  This factor also weighs against the exercise of jurisdiction.

(4)  *California Has Little Interest In Adjudicating Dispute*:  Any interest California might have in adjudicating a dispute involving a California resident (Martensen) is mitigated because the alleged injury occurred in Colorado.  *See Hope v. Otis Elevator Co*., 389 F. Supp. 2d 1235, 1241 (E.D. Cal. 2005) (finding factor neutral where California's interest in providing means of redress for residents was mitigated because injury occurred elsewhere).  This factor is at best neutral.

(5)  *Most Efficient Judicial Resolution Of This Dispute*:  "The site where the injury occurred and where evidence is located usually will be the most efficient forum."  *Pac. Atl.*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 12 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1   *Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985).  According to the

2   Complaint, several of the percipient witnesses, such as the alleged "man in uniform" on whom

3   Martensen bases his § 1983 conspiracy claim, appear to be in Colorado.  (Compl., ¶¶ 19, 29.)

4   Koch resides in Florida, and a Florida court is already examining the false imprisonment

5   allegations.  (Shapiro Decl. ¶¶ 3-5.)  This factor favors Koch's position.

6         (6) *A California Forum Is Irrelevant To Martensen's Interest In Convenient And Effective*

7   *Relief*:  This factor focuses on the inconvenience to the plaintiff of litigating in another forum, but

8   the Ninth Circuit "give[s] little weight to the plaintiff's inconvenience." *Panavision*, 141 F.3d at

9   1324.  Because most of the relevant evidence and witnesses appear to be outside California, a

10  California court would not further Martensen's interest in convenient and effective relief.  *See*

11  *Chemrisk*, 2011 WL 1807436, at *7 (finding that exercise of personal jurisdiction would be

12  unreasonable and concluding that "while California may be convenient for [Plaintiff] since it is

13  based in this District, [Plaintiff] does not dispute that most of the relevant witnesses and evidence

14  are located in Canada").  This factor also weighs against the exercise of personal jurisdiction.

15        (7) *Suitable Alternative Fora Exist*:  Martensen could have filed suit in Florida or

16  Colorado.  That it might be more costly and burdensome for Martensen to litigate elsewhere is not

17  an unreasonable burden. *Panavision*, 141 F.3d at 1324 (even though it would be more costly and

18  inconvenient for plaintiff to litigate in another forum, finding that seventh factor favored defendant

19  because burden was not unreasonable).  Martensen bears the burden of proving the unavailability

20  of an alternative forum. *Pac. Atl. Trading*, 758 F.2d at 1331.  Martensen cannot carry this burden

21  because he is actively litigating his false imprisonment allegations in the Florida action.  (Shapiro

22  Decl. ¶¶ 3-5.)  This factor weighs against the exercise of jurisdiction.

23        In sum, six of the seven factors the Ninth Circuit examines in assessing the reasonableness

24  of exercising personal jurisdiction over a nonresident weigh against the exercise of personal

25  jurisdiction.  One is at best neutral and none favors Martensen.  Accordingly, the Court should not

26  exercise specific jurisdiction over Koch (or general jurisdiction, as discussed in Section IV.A.1.,

27  *supra*), and should dismiss the Complaint under Rule 12(b)(2).

28        **B.    The Complaint Should Be Dismissed For Improper Venue Or, In The**

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482                                    - 13 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

**Alternative, Transferred To The Southern District of Florida Or To The District of Colorado.**

In the unlikely event the Court concludes that it should exercise personal jurisdiction over Koch, the Complaint still should be dismissed because this district is not a proper venue for this action.  Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a) (district court "shall dismiss, or if it be in the interest of justice, transfer" case filed in wrong court) (emphasis added).  In the alternative, the case should be transferred to the Southern District of Florida or to the District of Colorado.

**1.     Venue Is Not Proper In This District.**

First, venue in this district is not proper under 28 U.S.C. § 1391(b)(1), which allows an action to be brought in a district "in which any defendant resides."  As the Complaint admits, Koch does not reside in this district; he resides in Florida.  (Compl., ¶ 4.)

Second, venue in this district is improper under 28 U.S.C. § 1391(b)(2), which provides that an action can be brought in a district "in which a ***substantial part*** of the events or omissions giving rise to the claim occurred[.]" (emphasis added).  A court should consider "the entire sequence of events underlying the claim[s]," and "focus on the defendants' (rather than the plaintiffs') actions."  *Lee v. Corr. Corp. of Am.*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

Here, consideration of the entire sequence of events underlying Martensen's claims, and focus on Koch's alleged acts, makes clear that ***none*** of the alleged events giving rise to Martensen's claims occurred in the Northern District of California.  (*See* Compl., ¶¶ 14-21.)  Rather, "the ***significant*** events or omissions material to Plaintiff's claims occurred in" Colorado.  *See Lee*, 525 F. Supp. 2d at 1242 (emphasis added) (holding case filed in wrong venue where "subject incident, during which plaintiff allegedly sustained injuries, occurred" in another state, and plaintiff's claims for negligent and intentional infliction of emotional distress "primarily, if not entirely, ***stem from the subject incident and the conduct related thereto***").  Indeed, Martensen admits as much, by not even alleging that a "substantial part" of the alleged conduct occurred in this district.  He merely asserts that "***part*** of the conduct at issue in this action occurred in Northern California." (Compl., ¶ 2) (emphasis added).  The only connection to this district Martensen alleges is his return to Oakland after his alleged detention, but he does not allege that

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 14 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1    he suffered injuries in this district or that any relevant events occurred here.  (Compl., ¶ 21.)

2    These allegations do not establish proper venue under 28 U.S.C. § 1391(b)(2).

3         Third, venue in this district is not proper under 28 U.S.C. § 1391(b)(3), which provides

4    that a case may be brought in a district "in which any defendant is subject to the court's personal

5    jurisdiction" if "there is no district in which an action may otherwise be brought[.]"  As discussed

6    above, *see* Section A.2.c., *supra*, Martensen could have filed suit in another district, if personal

7    jurisdiction could be established there.  Moreover, and significantly, *see* Section IV.A., *supra*,

8    Koch is *not* subject to personal jurisdiction in this forum.  *See* 28 U.S.C.§ 1391(b)(3).  The

9    Complaint should be dismissed for improper venue.[6]

10        **2.      In The Alternative, The Case Should Be Transferred To The Southern District**

11        **Of Florida Or To The District Of Colorado.**

12        "For the convenience of parties and witnesses, in the interest of justice, a district court may

13   transfer any civil action to any other district or division where it might have been brought[.]"  28

14   U.S.C. § 1404(a).  In analyzing whether to transfer a case under section 1404(a), a court must

15   (1) determine whether the action might have been brought in the transferee court; and if so,

16   (2) consider, using a variety of factors, whether transfer is best for convenience and fairness to the

17   parties and in the interest of justice.  *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, No. 12-4407,

18   2013 WL 120185, at *3 (N.D. Cal. Jan. 8, 2013); *see Pac. Coast Fed'n of Fishermen's Assocs.*,

19   No. 12-2158, 2012 WL 3236163, at *3-7 (N.D. Cal. Aug. 6, 2012) (Corley, M.J.) (granting motion

20   to transfer based on same two-step framework).

21                    a.    The Action Could Have Been Filed In The Southern District Of Florida Or In

22                          The District Of Colorado.

23        This factor examines whether the action could have been brought in the proposed

24   _____

25        [6] The venue statute provides that a case may be transferred, rather than dismissed, in the
     interests of justice.  It is well-settled, however, that transfer is not appropriate where an action was
26   "'obviously' or 'deliberately' filed in the wrong court (e.g., where there was no personal
     jurisdiction over defendant)."  Hon. W. Schwarzer et al., *Fed. Civ. Proc. Before Trial*, ¶ 4:581.
27   Koch is not subject to personal jurisdiction here and Martensen obviously filed his lawsuit in the
     wrong court.  The Court should dismiss rather than transfer the case.  *See McFarland v. Memorex*,
28   493 F. Supp. 657, 660 (N.D. Cal. 1980) ("Plaintiff has the responsibility to file a legally sufficient
     complaint both substantively and with respect to jurisdiction and venue.  Neither was done here.").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482                                    - 15 -                          Defendant William Koch's Motion to Dismiss
                                                                                   (Case No. C 12-05257 JSC)

1   transferee courts.  *Animal Legal Def. Fund*, 2013 WL 120185, at *3.  Here, Martensen could have

2   filed his Complaint in the Southern District of Florida or in the District of Colorado.  Martensen

3   could have filed suit in the Southern District of Florida because Koch resides in that district.

4   Compl. ¶ 4; Koch Decl. ¶ 2; *see* 28 U.S.C. § 1391(b)(1) (case can be filed in district where any

5   defendant resides if all defendants reside in state in which district is located).  Martensen could

6   have filed suit in Colorado because, based on the allegations in the Complaint, all of the purported

7   conduct that is the basis of his claims occurred in the District of Colorado.  *See* 28 U.S.C.

8   § 1391(b)(2) (case may be filed in district "in which a substantial part of the events or omissions

9   giving rise to the claim occurred"); *see Pac. Coast*, 2012 WL 3236163, at *3 (finding that action

10  could have been brought in Eastern District of California because "substantial part of the events

11  that are the subject of the action took place in" that district).

12          b.      The Section 1404 Transfer Factors Favor Transfer To The Southern District

13                  Of Florida Or To The District Of Colorado.

14          In determining whether to transfer venue under section 1404(a), courts evaluate several

15  factors.  *Pac. Coast*, 2012 WL 3236163, at *4.  Specifically, courts consider:  (a) the plaintiff's

16  choice of forum; (b) the convenience of the parties; (c) the convenience of the witnesses; (d) ease

17  of access to evidence; (e) the familiarity of each forum with applicable law; (f) the feasibility of

18  consolidation of other claims; (g) any local interest in the controversy; and (h) the relative court

19  congestion and time to trial in each forum.  *Id.*  Here, most of these factors favor transfer.

20          (1)  *Martensen's Choice Of Forum Should Be Given Little Weight*:  "[W]hen the original

21  forum's connection to the matter is minimal and the operative facts arose elsewhere," a plaintiff's

22  choice of forum is given little weight.  *Animal Legal Def. Fund*, 2013 WL 120185, at *4 (finding

23  plaintiff's choice of forum was "entitled to minimal deference" because "operative facts arose

24  elsewhere").  The operative facts underlying Martensen's claims arose in Colorado, where

25  Martensen alleges that the purported "false imprisonment" occurred.  (Compl., ¶¶ 14-21.)

26  California's connection to this matter is "minimal," *Animal Legal Def. Fund,* 2013 WL 120185, at

27  *4, because none of the alleged imprisonment activities occurred here.  California's only

28  connection to the events alleged in the Complaint is that Martensen resides in Berkeley, California

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482                                    - 16 -                          Defendant William Koch's Motion to Dismiss
                                                                              (Case No. C 12-05257 JSC)

and the plane carrying him back to California from Colorado landed in Oakland.  (Compl., ¶¶ 3, 21.)  Martensen's choice of forum should be afforded little, if any, deference, particularly in light of the fact that he is litigating his false imprisonment allegations in the Florida lawsuit.  *See W.L. Gore & Assocs., Inc. v. AGA Med. Corp.*, No. 11-539, 2012 WL 924978, at *11 (D. Del. Mar. 19, 2012) (granting transfer where parties were already engaged in litigation and had conducted discovery regarding same issues in transferee forum).

(2)  *The Convenience Of The Parties And Witnesses And Ease Of Access To Evidence Favor Transfer:*  In evaluating the second (convenience of parties), third (convenience of witnesses) and fourth (ease of access to evidence) factors, courts "determine how transferring the case could affect the parties' ability to litigate the matter fairly and conveniently, which includes evaluating how transfer could affect both sides' ability to bring forth evidence and witnesses."  *Animal Legal Def. Fund*, 2013 WL 120185, at *4.  "[I]t is axiomatic that convenience of non-party witnesses is frequently the most important factor in the section 1404(a) calculus."  *Galliani v. Citimortgage, Inc.*, No. 12-00411, 2013 WL 101411, at *4 (E.D. Cal. Jan. 7, 2013).  Based on the Complaint's allegations, several of the percipient witnesses, such as the alleged "man in uniform" on whom Martensen bases his 42 U.S.C. § 1983 conspiracy claim, appear to be in Colorado.  (Compl., ¶¶ 19, 29.)  The fact that these individuals reside outside of California outweighs any inconvenience Martensen might face litigating elsewhere.  *See Herrera v. Command Security Corp.*, No. 12-4032, 2012 WL 6652416, at *5 (N.D. Cal. Dec. 20, 2012) (inconvenience to party witnesses is "not as important as inconvenience to nonparty witnesses").  Also, because the alleged conduct on which Martensen bases his claims occurred in Colorado – *e.g.,* a "Western town" and cabin at Bear Ranch, and in a vehicle transporting Martensen from the town to the ranch and then to the Denver airport (Compl. ¶¶ 17-21) – most, if not all, of any evidence would also be in Colorado.  In addition, because Koch is a resident of Florida, defending an action in California, especially in light of the fact that Martensen has been sued in (and is litigating) an earlier-filed lawsuit in Koch's home state, is inconvenient.  (Koch Decl. ¶ 5.)

(3)  *The Familiarity of Each Forum With Applicable Law is Neutral*:  While it is premature to decide which forum's law might apply, the Southern District of Florida and the District of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 17 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

Colorado have each applied the other forums' law in prior cases. *See Alioto v. Hoiles*, No. 04-00438, 2010 WL 3777129, at *16-18 (D. Colo. Sept. 21, 2010) (applying California law); *King v. Burris*, 588 F. Supp. 1152, 1154 (D. Colo. 1984) (applying Florida law); *KB Home v. St. Paul Mercury Ins. Co*., 621 F. Supp. 2d 1271, 1277 (S.D. Fla. 2008) (applying California law); *Tucker v. Turkey Creek Ltd. Liab*., No.05-22043, 2006 WL 888145, at *4-8 (S.D. Fla. Jan. 31, 2006) (applying Colorado law). As a result, this fifth factor neither weighs in favor or against transfer, as this Court, the Southern District of Florida, and the District of Colorado appear "equally familiar with the applicable law in this matter." *Animal Legal Def. Fund*, 2013 WL 120185, at *6.

(4) *The Feasibility Of Consolidation With Other Claims Strongly Favors Transfer To Florida And Is Neutral For Colorado*: This sixth factor, which examines whether a case should be transferred to another venue because that transferee court has a related case pending, strongly favors transfer to the Southern District of Florida because the Oxbow entities' lawsuit against Martensen seeking redress for the same corporate misconduct by Martensen that Martensen describes in this Complaint is currently pending in Florida state court. (Compl., ¶¶ 11, 17; Shapiro Decl., Ex. A (Florida Complaint)). The earlier-filed Florida suit strongly favors transfer of this case to the Southern District of Florida. This factor is neutral as to Colorado because there is currently no related case pending in that court. *Herrera*, 2012 WL 6652416, at *7.

(5) *The Lack Of A Local Interest In The Controversy Favors Transfer*: This factor "requires the Court to consider the local interest in having localized controversies decided at home." *Animal Legal Def. Fund,* 2013 WL 120185, at *5. It favors transfer where "[t]he majority of the activities underlying [the] suit" take place in or near the transferee forum. *Sierra Club v. U.S. Dep't of State*, No. 09-04086, 2009 WL 3112102, at *4 (N.D. Cal. Sept. 23, 2009). Here, where all of the alleged conduct occurred outside of California, California does not have a local interest in the controversy. The case should be transferred either to Florida, where a related case is pending, or to Colorado, where the alleged conduct occurred. *See id.* (granting motion to transfer based on lack of local interest).

(6) *Relative Court Congestion and Time to Trial Favor Transfer*: This factor also favors transfer. In 2011, in the Northern District of California, the median time from filing to trial was

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 18 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1   35.4 months, and from filing to disposition was 7.6 months.  *See* Req. for Judicial Notice, Ex. A

2   (Judicial Caseload Profile for N.D. Cal.).  In contrast, over the same year, the median time from

3   filing to trial in the Southern District of Florida and in the District of Colorado were, respectively,

4   just 17.2 months and 24.8 months, and from filing to disposition, 5.0 months in the Southern

5   District of Florida and 5.4 months in the District of Colorado.  *See id.*, Exs. B and C (Judicial

6   Caseload Profiles for S.D. Fla. and D. Colo.).  Accordingly, if this action were transferred either to

7   Florida or Colorado and proceeded to trial, it would be disposed of approximately (at least) a year

8   earlier than if it remains in the Northern District of California.  These statistics demonstrate that

9   both the Southern District of Florida and Colorado are less congested than this district, a fact that

10  favors transfer because the parties would benefit from a quicker resolution.

11       In sum, because most of the section 1404(a) factors favor transfer, this action should be

12  transferred to the Southern District of Florida or, in the alternative, to the District of Colorado.

13       **C.**    **The Complaint Should Be Dismissed For Failure To State A Claim.**

14       In addition to the above independent bases for dismissal, the Complaint should also be

15  dismissed for failure to state claims.  To withstand a motion to dismiss under Rule 12(b)(6), a

16  complaint must allege "enough facts to state a claim to relief that is plausible on its face."

17  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

18  (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to

19  draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This

20  "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

21  of action will not do."  *Twombly,* 550 U.S. at 555.  Moreover, a court is not "***required to accept as***

22  ***true allegations that are merely conclusory***, unwarranted deductions of fact, and unreasonable

23  inferences."  *In re Gilead Sciences*, 536 F.3d 1049, 1055 (9th Cir. 2008) (emphasis added).

24       Thus, a complaint must survive a two-element test in order to withstand a Rule 12(b)(6)

25  motion.  *See Iqbal*, 556 U.S. at 678-79.  First, the court must separate the complaint's factual

26  allegations (which must be accepted as true) from its conclusory legal allegations (which need not

27  be credited).  *See id.*  Second, if "any well-pleaded factual allegations" remain, the court should

28  "determine whether they plausibly give rise to an entitlement for relief."  *Id.* at 679.  Under this

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 19 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1  test, Martensen's Complaint should be dismissed because, once it is scrubbed of its conclusory

2  legal allegations, the remaining allegations do not state a plausible claim for relief.

3          **1.       The Complaint Does Not State A Claim For False Imprisonment.**

4          Martensen's claim for false imprisonment fails for at least two reasons.  The claim fails

5  because Martensen does not allege that Koch committed any of the alleged misconduct.  The claim

6  also fails because Martensen does not allege the required element of confinement.

7          a.       <u>The Complaint Does Not Allege Koch Committed The Alleged Misconduct</u>.

8          The tort of false imprisonment requires the "nonconsensual, intentional confinement of a

9  person, without lawful privilege, for an appreciable length of time, however short."  *Snyder v.*

10 *Evangelical Orthodox Church*, 216 Cal. App. 3d 297, 303 (1989).  To state a claim for false

11 imprisonment, Martensen must allege that he was "wrongfully deprived of his . . . freedom to

12 leave a particular place *by the conduct of another*."  *Id.* (emphasis added).

13         Martensen does not allege that Koch perpetrated any of the alleged conduct on which the

14 false imprisonment claim is premised.  Martensen appears to base his false imprisonment claim on

15 three episodes:  (a) an interview by "two agents of Koch" that allegedly lasted several hours

16 (Compl., ¶ 17); (b) a period of alleged "captivity" that occurred later the same day, when

17 Martensen was allegedly escorted to an SUV and driven by an unnamed driver to a cabin on the

18 ranch, where he remained for three hours (*Id.* ¶¶ 19-20); and (c) another period of time the same

19 day when Martensen was driven in an SUV, accompanied by "two agents of William Koch (driver

20 and escort)," to a Denver airport, and was then a passenger on a private jet "manned by a pilot, co-

21 pilot and escort."  (*Id.* ¶ 21.)  Martensen does not allege that Koch was present during or

22 participated in any of these alleged acts.  The false imprisonment claim should thus be dismissed.

23 *See Whitlock v. Street*, No. 12-95, 2012 WL 3686434, at *4-6 (E.D. Va. Aug. 24, 2012)

24 (dismissing false imprisonment claim under Rule 12(b)(6) where plaintiff did not allege that

25 defendant "engaged in any act of physical restraint" or "any threat of unlawful restraint").

26         Martensen's conclusory allegation that the unnamed individuals who allegedly perpetrated

27 his "false imprisonment" were Koch's "agents," *see, e.g.*, Compl. ¶ 25, does not save the claim.

28 The Complaint contains *no* specific factual support for the legal conclusion that these unnamed

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 20 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1  persons were Koch's agents; a bare legal conclusion of agency does not suffice.  *See Brahmana v.*

2  *Lembo*, No. 09-00106, 2010 WL 965296, at *7 (N.D. Cal. Mar. 17, 2010) (granting defendant's

3  Rule 12(b)(6) motion where plaintiff alleged defendant "was the alter ego of and/or principal in a

4  principal-agent relationship with" other defendants because "plaintiff must provide the factual

5  basis for his claims and cannot merely plead legal conclusions" ); *Lopez v. GMAC Mortgage*

6  *Corp.*, No. 07-3911, 2007 WL 3232448, at *3 (N.D. Cal. Nov. 1, 2007) (granting Rule 12(b)(6)

7  motion claim against non-contracting party because allegation that defendant acted as "agent" of

8  contracting party was conclusory).  "[M]erely alleging alter ego status or the existence of a

9  principal-agent relationship, without providing factual support for this conclusory allegation, is

10  insufficient."  *Brahmana*, 2010 WL 965296, at *7.  Because Martensen neither alleges that Koch

11  himself participated in the alleged events of false imprisonment nor alleges any factual support for

12  his conclusory agency allegations, the false imprisonment claim fails.

13                    b.    The Complaint Does Not Allege "Confinement."

14         The false imprisonment claim also fails for the independent reason that Martensen does not

15  allege the required element of confinement.  *See Snyder*, 216 Cal. App. 3d at 303 (including

16  confinement as part of the tort of false imprisonment).  Confinement may be effectuated by

17  "physical force, threat of force or of arrest, confinement by physical barriers, or by means of any

18  other form of unreasonable duress."  *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994).

19         Martensen does not allege, as he must, that he was confined.  As discussed above, his

20  claim appears based on:  (1) the alleged interview; (2) the driving of Martensen from the town to

21  the ranch to pack for his return trip, and then to a cabin where he waited for transportation to an

22  airport and allegedly could see a police car outside the window; and (3) another period of time the

23  same day when he was driven from the cabin to the airport and then flown to his desired

24  destination, Northern California.  (Compl. ¶¶ 17-21.)  Martensen does not allege that, in any of

25  these instances, he was confined in any way by physical force, threat of force or arrest, confined

26  by physical barriers, or any other form of unreasonable duress.  *See Fermino*, 7 Cal. 4th at 715.

27         In short, the Complaint simply does not describe Martensen as confined against his will at

28  the Colorado ranch, which is what the tort requires.  *See Snyder*, 216 Cal. App. 3d at 304 (finding

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations
2733482

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

no false imprisonment where plaintiff was left in cabin without transportation or telephone but was not physically restrained and was free to leave).  Rather, the allegations make clear that Martensen is a disgruntled former employee of the Oxbow companies who may have been embarrassed and upset that his corporate wrongdoing was discovered, but who was free at all times to leave.  *See Lee v. Bankers Trust Co.*, No. 96-8153, 1998 WL 107119, at *4-5 (S.D.N.Y. Mar. 11, 1998) (dismissing false imprisonment claim where plaintiff alleged that he was confined and interrogated for over five hours by defendant's employees who claimed that they had been FBI agents because "Defendant's actions do not amount to an actual confinement or anything more than a lengthy interview"; "A lengthy interview by an employer, without more, does not support a claim for false imprisonment"); *see also Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 293-94 (S.D.N.Y. 2011) (dismissing false imprisonment claim for failure to establish restraint where plaintiff was interrogated by employer with off-duty police officer in same room, because threat of losing job and threat of arrest do not establish restraint).  Indeed, Martensen admits that when he arrived at the Oakland airport, he "refused" the proffered transportation to a hotel and arranged his own transportation.  (Compl., ¶ 21.)

**2.      The Complaint Does Not State A Claim For Civil Conspiracy.**

Martensen's civil conspiracy claim fails for two reasons.  First, civil conspiracy is not an independent tort.  *Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503, 510-11 (1994).  It is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration."  *Id.*  Conspiracy "must be activated by the commission of an actual tort."  *Id.* at 511.  Here, the only predicate tort that Martensen alleges is false imprisonment, which, as discussed above, fails.  As a result, his civil conspiracy claim also necessarily fails.

Second, even if Martensen had properly alleged an underlying tort (he did not), the civil conspiracy claim still fails because it does not allege any facts supporting the legal conclusion that a conspiracy purportedly existed.  All Martensen alleges is that "Koch and his agents agreed, by words or conduct, to falsely imprison plaintiff," purportedly did so, and thus allegedly caused Martensen "harm."  (Compl., ¶ 27.)  Martensen's "bare allegation that a conspiracy existed does

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 22 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1    not suffice." *PQ Labs, Inc. v. Qi*, No. 12-0450, 2012 WL 2061527, at *8 (N.D. Cal. Jun. 7, 2012).

2    At the very least, Martensen must plead "how the conspiracy was formed, what unlawful actions

3    were performed pursuant to the conspiracy, and how those actions were coordinated." *Coburn v.*

4    *Bank of New York Mellon*, No. 10-03080, 2011 WL 1103470, at *4 (E.D. Cal. Mar. 11, 2011).

5    Simply alleging that "Koch and his agents agreed, by words or conduct" to falsely imprison

6    Martensen does not state a claim for conspiracy. *See PQ Labs*, 2012 WL 2061527, at *8 (granting

7    Rule 12(b)(6) motion where plaintiff alleged defendants "did agree, conspire, plan and effectuate a

8    common plan and scheme to misappropriate [plaintiff's] proprietary information," "did the acts

9    and things herein alleged to, and furtherance [sic] of, the conspiracy," and "furthered the

10   conspiracy by cooperating with, lending aid and encouragement to, and/or ratifying and adopting

11   acts of other Defendants" because "[t]hese conclusory allegations are insufficient to raise a

12   reasonable expectation that discovery will reveal evidence of an illegal agreement"); *Santos v.*

13   *Guard Mgmt., Inc.*, No. 10-2563, 2010 WL 5387832, at *2 (S.D. Cal. Dec. 22, 2010) (dismissing

14   conspiracy claim where plaintiff "merely alleges that Defendants have conspired and lists the

15   alleged purposes of the conspiracy," but "fails to provide factual allegations establishing the

16   formation of a conspiracy"); *Twombly*, 550 U.S. at 556 (conspiracy claim must contain "enough

17   fact to raise a reasonable expectation that discovery will reveal evidence of  illegal agreement").

18          **3.      The Complaint Does Not State A § 1983 Conspiracy Claim.**

19          Martensen also alleges a claim under 42 U.S.C. § 1983 that Koch conspired "with other

20   persons, including local law enforcement officers acting under color of state law" by "intentionally

21   restricting [Martensen's] freedom of movement."  (Compl., ¶ 29.)  This claim also fails.

22          The Complaint does not allege specific facts demonstrating an agreement between Koch

23   and "local law enforcement officers" to violate Martensen's constitutional rights.  To establish a

24   prima facie case under § 1983, a plaintiff must prove that (1) the conduct occurred under color of

25   law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity under the United

26   States Constitution or Federal law.  *Souders v. Lucero*, 196 F.3d 1040, 1043 (9th Cir. 1999).

27   When a § 1983 claim is brought against a private party, the plaintiff must show that uncommon

28   circumstances exist to warrant treating a private party as a government actor.  *Sutton v. Providence*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 23 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1    *St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999).  One such circumstance exists where a

2    party's action involves "significant" state involvement, where the state has "so far insinuated itself

3    into a position of interdependence with the private actor that it must be recognized as a joint

4    participant in the challenged activity."  *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002).

5         A plaintiff may allege such joint participation by pleading the existence of a conspiracy.

6    *Id.* at 445.  To state a § 1983 claim of conspiracy, a "plaintiff must allege facts with sufficient

7    particularity to show an agreement or meeting of the minds to violate the plaintiff's constitutional

8    rights."  *White v. Smyers*, No. 12-2868, 2012 WL 6518064, at *4 (E.D. Cal. Dec. 13, 2012)

9    (dismissing plaintiff's § 1983 conspiracy claim where allegations were "conclusory, at best," and

10   "fail[ed] to meet the particularized factual requirement for conspiracy claims").  "Courts in the

11   Ninth Circuit have required a plaintiff alleging a conspiracy to violate civil rights to state specific

12   facts to support the existence of the claimed conspiracy."  *Davis v. Powell*, No. 10-1891, 2012 WL

13   4754688, at *16 (S.D. Cal. Oct. 4, 2012).  "Vague and conclusory allegations of official

14   participation in civil rights violations are not sufficient to withstand a motion to dismiss."  *Id.*

15        Here, the Complaint does not allege any specific facts showing that Koch and local law

16   enforcement officers agreed to violate Martensen's constitutional rights.  *White*, 2012 WL

17   6518064, at *4.  Martensen alleges only that an unnamed driver told Martensen that "'[a] sheriff

18   is here to make sure you don't wander off,'" and that Martensen observed a police car "parked

19   nearby with a man in uniform behind the wheel."  (Compl., ¶ 19.)  Martensen does not allege facts

20   showing an "agreement or meeting of the minds" between Koch and the "man in uniform" (or any

21   alleged law enforcement officer) to do anything, much less violate Martensen's constitutional

22   rights.  Nor does Martensen allege that the "man in uniform" or any alleged law enforcement

23   officer participated in any of the alleged detention events, had knowledge of the alleged events, or

24   acknowledged or even knew of Martensen's presence.

25        **D.      The Court Should Strike Martensen's Punitive Damages Claim.**

26        The Court should also strike Martensen's unsupported punitive damages allegations, which

27   appear at Paragraph 23 of the Complaint and in Paragraph 2 of the Prayer for Relief.  Federal Rule

28   of Civil Procedure 12(f) allows a court to strike from a pleading any "redundant, immaterial,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482

- 24 -

Defendant William Koch's Motion to Dismiss
(Case No. C 12-05257 JSC)

1   impertinent, or scandalous matter."  Rule 12(f) may "address requested relief, such as punitive

2   damages, which is not recoverable as a matter of law."  *Cisneros v. Instant Capital Funding Grp.,*

3   *Inc.*, 263 F.R.D. 595, 611 (E.D. Cal. 2009).  Courts have stricken requests for punitive damages

4   where the "punitive damages claims and references are conclusory and merely include the words

5   'bad faith,' 'malice,' 'willful and knowing,' and 'scienter' without illustrative facts."  *Id.*

6          Martensen's Complaint similarly makes only conclusory punitive damages allegations,

7   asserting only that Koch's "acts and/or omissions . . . were willful, wanton, reckless, malicious,

8   oppressive, and/or done with a conscious or reckless disregard for the rights of plaintiff."

9   (Compl., ¶ 23.)  There are no "illustrative facts" alleged to purportedly show the requisite

10  willfulness, maliciousness, or reckless disregard.  *Cisneros*, 263 F.R.D. at 611.  The punitive

11  damages allegations should therefore be stricken.  *See id.* at 611-12 (noting the complaint "lacks

12  specific allegations of [defendant's] wrongdoing to impose punitive damages" and "fails to

13  provide adequate notice of alleged conduct to support punitive damages").[7]

14  **V.     CONCLUSION**

15         For the foregoing reasons, Koch's motions to dismiss and to strike should be granted.

16  Moreover, if the Court grants dismissal under Rule 12(b)(2) for lack of personal jurisdiction or

17  Rule 12(b)(6) for failure to state a claim, dismissal should be without leave to amend, because, as

18  Martensen's allegations make plain, amendment would be futile.  *See, e.g.*, *Maplebrook*

19  *Townhomes LLC v. Greenbank*, No. 10-03688, 2010 WL 4704472, at *4-6 (N.D. Cal. Nov. 12,

20  2010) (dismissing with prejudice for lack of personal jurisdiction where amendment would be

21  futile); *see Lipton v. Pathogenesis Corp*., 284 F.3d 1027, 1039 (9th Cir. 2002) (dismissal with

22  prejudice for failure to state a claim proper where amendment would be futile).

23  Dated:  January 16, 2013                    IRELL & MANELLA LLP

24                                              By:  /s/John C. Hueston

25                                                   John C. Hueston
                                                     Attorneys for Defendant William Koch

26         [7] In the alternative, Martensen's punitive damages allegations should be dismissed under
    Rule 12(b)(6).  *See Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146-48 (E.D. Cal. 2010)
27  (granting motion to dismiss punitive damages claims under Rule 12(b)(6) where such claims were
    "nothing more than 'conclusory allegations of 'conscious disregard of [Plaintiff's] rights and with
28  the intent to vex, injure and annoy [Plaintiff] such as to constitute oppression, fraud or malice.'").

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2733482                          - 25 -                    Defendant William Koch's Motion to Dismiss
                                                                  (Case No. C 12-05257 JSC)