IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRBY MARTENSEN,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM KOCH, et al.,<br><br>        Defendant. | Case No.: C-12-05257 JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER (Dkt. No. 59)** |

Presently before the Court is the parties' joint discovery letter concerning, among other things, whether Plaintiff may exceed Rule 30's 10-deposition limit. (Dkt. No. 59.) After carefully considering the parties' disputes, the Court concludes that oral argument is unnecessary, *see* L.R. Civ. 7-1(b), and rules as set forth below.

**A.    Plaintiff's Request to Take 20 Percipient Witness Depositions**

Federal Rule of Civil Procedure 30(a)(2) presumptively limits the number of depositions that each side may take to ten depositions. *See* Fed. R. Civ. P. 30(a)(2) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions

1  being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party
2  defendants . . . ."). Under Rule 26(b)(2), "the court may alter the limits in these rules on the number
3  of depositions and interrogatories or on the length of depositions and interrogatories or on the length
4  of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A).
5   "A party seeking to exceed the presumptive number of depositions must make a
6  particularized showing of the need for the additional discovery." *Authentec, Inc. v. Atrua Techs.,*
7  *Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). "To that end, courts will generally not grant
8  leave to expand the number of depositions until the moving party has exhausted the ten depositions
9  permitted as of right under Rule 30(a)(2)." *Id.* "Moreover, in the court's view, Rule 30(a)(2)
10  contemplates that a party has already taken at least some of its ten depositions before a motion is
11  filed seeking leave of court for a proposed deposition that would result in more than ten depositions
12  being taken under this rule." *Id.*
13   Plaintiff, who has not conducted a single deposition, argues that he should be granted leave
14  to take 20 depositions given the 40 identified percipient witnesses and the need to prevent multiple
15  trips to Florida and Colorado. The Court disagrees. Plaintiff fails to make a particularized showing
16  as to why he needs more than the 10 allotted depositions. Merely asserting that there are 40
17  identified percipient witness is insufficient since "[t]he number of potential witnesses does not
18  justify deposing every one." *In re At Home Corp.*, 2005 WL 289976, at *3 (N.D. Cal. Feb. 4, 2005).
19  In addition, the possibility that Plaintiff may have to make more than one trip to Florida and
20  Colorado to depose witnesses does not justify setting aside the requirements of the Federal Rules.
21  Plaintiff filed this action with full knowledge that many potential witnesses lived outside California.
22  Further, "[h]aving taken not a single deposition to date, [Plaintiff] cannot possibly know what
23  information [he] needs but cannot obtain from [his] 10 permitted depositions." *Authentec, Inc.*,
24  2008 WL 5120767, at *2. Plaintiff's request is accordingly denied. Plaintiff may renew his request
25  once he can make a particularized showing as to why additional depositions are necessary. This
26  requires that Plaintiff take "at least some" of his 10 depositions. *Id.* at *1.
27  //
28  //

**B.     Deposition Dates**

Plaintiff seeks "confirmation" of the dates for his proposed depositions. However, as made clear in the joint letter, the parties are actively working to arrange depositions over the summer and the early fall. The parties, not the Court, are in the best position to decide when the depositions will occur. In addition, the parties' dispute concerning a discovery cutoff extension is premature. Because the timing of the depositions remains uncertain, it is not apparent that an extension is necessary. Once it is known when the depositions will occur, the parties, and the Court, will be in a better position to amend the case schedule if necessary.

**C.     Deposition Subpoenas**

Plaintiff also requests that Defendant be required to inform him of the witnesses for which Defendant will accept service. Defendant argues that he will provide Plaintiff such information once Plaintiff identifies the 10 witnesses he intends to depose. The Court agrees with Defendant. Defendant is not required to determine whether it is authorized to accept service for witnesses that Plaintiff is not allowed to depose.

IT IS SO ORDERED.

Dated: June 19, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE